■ MANHATTAN CASUALTY ·COMPANY, Respondent, v. ROBERT HOYNACKY et al., Defendants, and ANNA FAULKNER, Appellant.— In an action by an insurance company to declare valid its disclaimer of liability under a policy of automobile insurance it had issued to defendant John Hoynacky, in which action defendant Anna Faulkner counterclaimed for a declaration that the company has obligations to her under the policy, the latter defendant appeals from a judgment of the Supreme ·Court, Kings County, dated March 12, 1963 and made after a nonjury trial, which declared, *inter alia,* that plaintiff had the right to make such disclaimer. Appellant's brief has limited the appeal so as to exclude review of so much of the judgment as declared that defendants Hoynacky breached the insurance contract, have no rights thereunder and failed to give plaintiff timely notice of the accident in which appellant was injured. Judgment reversed insofar as appealed from, on the law and facts, with costs, and judgment granted declaring that plaintiff is required to defend the negligence action brought by appellant against plaintiff's insureds, Robert and John Hoynacky, and to afford coverage to and satisfy any judgment in that action to the extent of the monetary obligations in the policy. The sole question is whether the injured passenger, Anna Faulkner, gave timely notice pursuant to section 167 (subd. 1, par. [d]) of the Insurance Law to the carrier which had insured the driver of the automobile involved in the accident. There is no dispute that the insureds, Robert and John Hoynacky (defendants in the negligence action instituted by passenger Faulkner), did not give their insurer timely and proper notice. But said statute and *Lauritano* v. *American Fidelity Fire Ins. Co.* (3 A D 2d 564, affd. 4 N Y 2d 1028) provide the means by which an injured party may protect her rights as against the insurer of someone who is responsible for personal injury to her. Here the accident occurred on November 17, 1961. Miss Faulkner immediately engaged an attorney who tried to ascertain the name of the automobile driver's carrier. He was unsuccessful. But he prepared a summons and complaint and caused them to be served on the driver and owner as defendants. These papers and an MV-104 report were transmitted to the carrier itself by January 31, 1962. Thus, a period of only two months and 14 days elapsed from the time of the accident to the time of the actual notice. We find this notice to have been given "as soon as was reasonably possible" (Insurance Law, § 167, subd. 1, par. [d]) under the facts and circumstances here present (*Turnquest* v. *Smalls,* 26 A D 2d 841). The judgment in favor of the insurance company must be reversed insofar as appealed from; and a declaration of rights in favor of the injured party should be made that the carrier is required to defend and stand behind its insureds to the extent of its policy obligations. Beldock, P. J., Christ, Hopkins, Munder and Martuscello, JJ., concur.